## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

LANDON CLINE,                              )
                                           )
          **Movant,**                       )
                                           )
v.                                         )      **Civil Action No. 5:10-1017**
                                           )      **Criminal Action No. 5:09-0065**
UNITED STATES OF AMERICA,                  )
                                           )
          **Respondent.**                   )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 142.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 145.)

### FACTUAL BACKGROUND

On August 14, 2007, Movant pled guilty to a single count Information charging him with Conspiracy to Damage Railroad Property in violation of 18 U.S.C. § 371. (Criminal Action No. 5:09-0065, Document Nos. 72, 79, and 80.) A Presentence Investigation Report was prepared. (Id., Document No. 124.) The District Court determined that Movant had a Base Offense Level of 6, and a Total Offense Level of 20, the Court having applied a twelve-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(G) because the loss exceeded $200,000, and a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(13)(A) because the offense involved the reckless risk of death or

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

serious bodily injury to others. (Id., Document No. 124.) The District Court sentenced Movant on January 28, 2010, to serve a 41-month term of incarceration to be followed by a three-year term of supervised release.[2] (Id., Document Nos. 117 and 120.) Movant did not appeal his conviction or sentence.

On August 12, 2010, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 5:10-01017, Document Nos. 142 and 143.) As grounds for *habeas* relief, Movant alleges as follows: (1) "The Court violated the provisions set forth in U.S.S.G. Section 3E1.1 (Id., Document No. 143, pp. 2 - 6.);" (2) "The Movant was denied an effective assistance of legal counsel at the sentencing phrase of his case (Id., pp. 7 - 8.);" and (3) Trial counsel acted ineffectively in failing to appeal the District Court's denial of a reduction for acceptance of responsibility. (Id., pp. 9 - 11.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion

---

[2] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody and began serving his term of supervised release on April 20, 2012.

collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

**1.     Claim of Error in the Application of the Sentencing Guidelines.**

In Grounds One, Movant claims that the District Court improperly denied him a three-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. (Civil Action No. 5:10-01017, Document No. 168, pp. 2 - 6.) Claims of errors under the Sentencing Guidelines, however, are generally not cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283 - 84 (4th Cir. 1999). Movant's sentence in the instant case did not exceed the statutory maximum authorized by his convictions (5 years). Therefore, the undersigned finds that Movant's claim that the District Court improperly applied the Sentencing Guidelines to be without merit.

**2.     Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received

adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his

4

performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

**A.**    ***Failure to Argue for an Acceptance of Responsibility Reduction:***

Movant argues that trial counsel acted ineffectively during the sentencing phase by failing to argue for an acceptance of responsibility reduction. (Civil Action No. 5:10-01017, Document No. 142 and 143.) Movant contends that "the attorney representing the Movant stood silently by without objecting to U.S.S.G. Section 3E1.1 and failed to provide a proper defense that would have established by law, the entitlement of the reduction." (Id., Document No. 142, p. 4.) Movant states that counsel "assumed that based upon the Government's objections to the PSR and being supportive that the Movant was fully entitled to the 3 level reduction, that it was not necessary to investigate or prepare for sentence." (Id., Document No. 143, p. 7.) Movant asserts that "counsel left the Movant with absolutely no defense whatsoever at sentencing and such did cause the Movant to be sentenced based upon an improper base offense level calculation." (Id.) A review of the record, however, reveals that trial counsel did object to the Presentence Report arguing that Movant was entitled to a sentence reduction for acceptance of responsibility. (Criminal Action No. 5:09-0065, Document No. 100, Document No. 117, pp. 9 - 11, Document No. 124, pp. 42 - 45). In the "Sentencing Memorandum of Defendant Landon Cline," counsel submitted a detailed argument as to why the Court should grant Movant a reduction for acceptance of responsibility. (Criminal Action No. 5:09-0065, Document No. 100, pp. 6 - 7.) Specifically, trial counsel argued that "the Court should award the Defendant acceptance of responsibility, not only because he has fully accepted responsibility for his offense conduct and all relevant conduct and has pled guilty and fully cooperated with the

5

Government, acknowledged that his actions were wrong, and indicated his remorse, but also for the reason that there is no factual basis set forth in the presentence report or elsewhere in the record to deny acceptance of responsibility." (Id., pp. 6 - 7.) The District Court, however, disagreed with counsel's argument and denied Movant a reduction for acceptance of responsibility. Based on the foregoing, the undersigned finds that trial counsel did not act ineffectively by failing to argue for acceptance for responsibility.

### B.    *Failure to Appeal the Denial of a Reduction for Acceptance of Responsibility:*

The United States Supreme Court established a framework for analyzing claims of ineffective assistance of counsel in taking criminal cases on appeal in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000). The Supreme Court stated as follows in Roe v. Flores-Ortega, 528 U.S. at 480, 120 S.Ct. at 1036 (Citation omitted):

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

The Fourth Circuit stated the Roe v. Flores-Ortega analytical framework as follows in United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000):

> An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. * * * When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon

'whether counsel in fact consulted with the defendant about an appeal.' * * * in this context 'consult' 'convey[s] a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.' * * * If counsel has not consulted with his client, the court must then ask whether the failure to consult itself constitutes deficient performance. * * * The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a reasonable defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.' * * * Although the <u>Roe</u> Court declined to adopt a per se rule that defense counsel who fails to consult with the defendant concerning an appeal is ineffective, the Court did state, 'We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal.' * * *

<u>Id.</u>, citations to <u>Roe v. Flores-Ortega</u> omitted. The <u>Roe v. Flores-Ortega</u> Court stated the following two factual scenarios under which "it would be difficult to say that counsel is 'professionally unreasonable' . . . as a constitutional matter, in not consulting with . . . a defendant regarding an appeal."

[S]uppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. * * * Or . . . suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.

<u>Roe v. Flores-Ortega</u>, 528 U.S. at 479 - 480, 120 S.Ct. at 1036.  <u>See also</u> <u>United States v. Poindexter</u>, 492 F.3d 263 (4th Cir 2007).

Movant argues that trial counsel acted ineffectively in failing to appeal the District Court's denial of a reduction for acceptance of responsibility. (Civil Action No. 10-01917, Document No. 143, pp. 9 - 11.) Specifically, Movant contends that the "Court's failure to apply a 3 level reduction for acceptance of responsibility rendered the Movant's sentence to be outside the applicable

7

sentencing guideline range." (Id.) Movant, however, does not allege that he specifically instructed his trial attorney to appeal his sentence after his sentencing hearing. Additionally, Movant's Plea Agreement contained a "Waiver of Appeal and Collateral Attack." (Criminal Action No. 5:09-0065, Document No. 80, p. 6.) Specifically, the "Waiver of Appeal and Collateral Attack" provided as follows:

> Both Mr. Cline and the United States may seek appellate review of a ruling by the District Court regarding the application for a two-level enhancement for obstruction of justice under USSG § 3C1.1. Nonetheless, Mr. Cline knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as the sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to an adjusted offense level of 20, before consideration of acceptance of responsibility.
>
> * * *
>
> Mr. Cline also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Id.) Contrary to Movant's assertion, the undersigned finds that Movant was clearly sentenced within the "Sentencing Guideline range corresponding to an adjusted offense level of 20, before consideration of acceptance of responsibility." Thus, Movant waived his right to appeal his sentence. Furthermore, there is no indication that trial counsel failed to assert a nonfrivolous ground for appeal. Accordingly, Movant's above claim of ineffective assistance of counsel is without merit.[3]

---

[3] The District Court may reduce a defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Although a guilty plea may be evidence of acceptance, "it does not, standing alone, entitle a defendant to a reduction as a matter of rights." United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989). In the instant case, the District Court denied Movant a reduction for acceptance of responsibility because Movant's "representations lack[ed] candor and he attempt[ed] to minimize his knowledge and involvement." (Criminal Action No. 5:09-0065, Document No. 117, p. 10.) Specifically, the District Court stated as follows:

> It is pointed out that Defendant Cline cooperated with law enforcement even prior

## PROPOSED FINDINGS AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 142.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of

---

to a plea agreement, and that he was the first of the defendants in this case to cooperate and plead guilty. Docket No. 100, at p. 4; Docket No. 104, at p. 6. It was also noted that Defendant Cline has accepted the advisory Guideline enhancements for the losses associated with the train derailment, and that he entered into a written plea agreement. Docket No. 100, p. 5; Docket No. 104, p. 5. However, as it was Defendant Cline who suggested to Defendants Nichols and Browning both the site from which they should steal cooper wire and that they should block the tracks with I-beams to avoid detection, it is implausible that his knowledge of this case suddenly ends at the moment that he became separated from Browning and Nichols on the evening of August 28, 2005. It is simply not credible that he has no knowledge of who placed the I-beams on the track, given his prior counseling of Defendants Nichols and Browning. Further, according to the presentence report, Defendant Cline told William Cline that he "thought" he derailed a train. This latter statement actually suggest that Defendant Cline's involvement in the wreck may be more substantial than he has indicated.

(*Id.*) Based upon a review the record, there is no indication that the District Court clearly erred in denying Movant a reduction for acceptance of responsibility. *See United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007)(On appeal a district court's decision as to an acceptance of responsibility is reviewed for clear error.)

these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: May 24, 2013.

R. Clarke VanDervort
United States Magistrate Judge